IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CHRISTOPHER SMALLEY )
 )
    v. ) NO. 1:14-0028
 )
ARVIL CHAPMAN, DANIEL SULLIVAN, )
BETTY McVEY, CHRISTOPHER SAWYER, )
MATTHEW BULLARD and )
DAMON HININGER )

TO: Honorable William J. Haynes, Jr., Senior District Judge

# REPORT AND RECOMMENDATION

By Order entered December 12, 2014 (Docket Entry No. 52), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues, motions, including discovery matters, to conduct any necessary conferences and hearing and to submit a report and recommendation for disposition of any motions filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. He filed a pro se and in forma pauperis complaint on February 20, 2014, alleging violations of his federal constitutional rights at the SCCC and seeking relief under 42 U.S.C. § 1983. By Order entered May 22, 2014 (Docket Entry No. 22), the Clerk was directed to issue process to the six defendants named in the action. On July 15, 2014, five of the Defendants – Damon Hininger, Avril Chapman, Daniel Sullivan, Betty McVey, and Christopher Sawyer – filed a joint answer (Docket Entry No. 45).

Although process was returned executed for Defendant Matthew Bullard, see Docket Entry No. 44, a motion to dismiss (Docket Entry No. 50) was filed on behalf of Matthew Bullard contending that service of process was erroneously accepted and that there was, in fact, not a Matthew Bullard who had been or was ever employed at the SCCC. The plaintiff has not formally responded to the motion. However, on December 22, 2014, the plaintiff filed a "motion for leave to amend service of process" in which he acknowledged that he had mistakenly named "Matthew Bullard" as a defendant and asked "to withdraw any suit in this case against the Defendant." See Docket Entry No. 55. Accordingly, given the plaintiff's non-opposition to the dismissal of Matthew Bullard from the action, the motion to dismiss (Docket Entry No. 50) should be granted, and Defendant Matthew Bullard should be dismissed from the action without prejudice.[1]

Also pending before the Court is the plaintiff's motion (Docket Entry No. 48) for leave to file an amended complaint. The Defendants have not responded to the motion. Accordingly, the motion should be granted, and the plaintiff's Complaint (Docket Entry No. 1) should be construed as amended to add the amount of damages he seeks, clarify that the Defendants are alleged to have acted under color of state law and are sued in their individual and official capacities, and clarify that the plaintiff's claims are grounded in the Eighth Amendment's prohibition of cruel and unusual punishment.

Finally, the plaintiff, in his motion for leave to amend service of process (Docket Entry No. 55), essentially asks to amend his complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, in order to add "Josh Bullard" as a defendant to the action in place of the previous

---

[1] Alternatively, the plaintiff's request to dismiss Bullard could be construed as a request for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the grant of which would render the motion to dismiss moot.

erroneously named "Matthew Bullard" contending that his requested amendment would relate back to the original complaint. The Defendants have filed a response (Docket Entry No. 56) in opposition to the motion contending that any such amendment would be futile because: 1) the Complaint fails to include any factual allegations whatsoever against any person identified as "Bullard;" and 2) the plaintiff has not satisfied the notice requirements that permit an amended pleading to relate back against a newly named party.

The plaintiff's motion to amend should be denied. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires, the Sixth Circuit has held that amendments should be denied if such amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court agrees that the plaintiff's Complaint contains no factual allegations against any person identified as "Bullard." As such, there is no basis in the Complaint supporting a claim against the defendant sought to be added that would withstand a motion to dismiss for failure to state a claim upon which relief can be granted.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 50) be GRANTED, and Defendant Matthew Bullard should be DISMISSED from the action without prejudice;

2) the plaintiff's motion to amend (Docket Entry No. 48) be GRANTED; and

3) the plaintiff's motion to amend (Docket Entry No. 55) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge